The plffs. counted in an action on the case as tenants in common against their co-tenant for waste and injury committed by him on the land. It appeared on the evidence that Woolsey Waples, the fathers of the parties plffs. and deft., died siezed of the land upon which the waste was alledged to be committed, about the year 1828, leaving the said plffs. and deft., his children, and a widow, to survive him. The widow's dower had been laid off in the land, and the residue remained undivided. That the deft. resided on the residue, and had cut a quantity of timber, out of which he had built a house on the premises, and had also cut and sold a considerable quantity of cedar posts.
The deft. objected to proof by a witness, that he had seen his (deft.'s) servants hauling posts from the premises to market; butThe Court said it was evidence to go to the jury. The posts were cut and carried to market by the deft.'s agents in the course of their ordinary employment. If the witness knows that the cutting and hauling were by persons in the general, employ of deft. and in the course of that employment, it may go to the jury without express proof that they were acting by deft.'s orders.
Cull en, for deft. moved a nonsuit.
The narr is in action on the case in the nature of waste. It sets out that plffs. and deft. are tenants in common of the locus in quo. The proof is that the land descended on the parties as heirs at law of Woolsey Waples, who died intestate in the year 1828. By the "act concerning the real estates of intestates,'" passed in 1827, (Digest 315,) the lands of an intestate "descend and pass in fee simple to the kindred, male and female, of said intestate, inco-parcenary," according to the mode pointed out in that act. The variance, therefore, between the proof and the declaration is fatal. 17 Com. Law Rep. 278; Comyn's landlord andtenant. 293. Again. If this were a tenancy in common the action would not lie. An action on the case in the nature of waste will not lie by one tenant in common against his co-tenant for cutting trees that are fit for cutting. 3 Stark. Ev. 1668. Each tenant in common has the right to cut, so that he does not make waste, and the cutting of ripe timber is not *Page 475 
waste. The proof in this case is of a cutting of ripe timber. The other tenants in common may recover their share of the value of the trees cut. 8 Term Rep. 145. The building of the house was a benefit and not a disadvantage to the inheritance. Coparceners cannot in any case bring an action on the case in the nature of waste against each other. They differ from tenants in common and joint tenants, because they at common law could always procure partition; but not so of the others. 3 Blac. Com. 226-7. The equity of the statute giving an action of waster between joint tenants and tenants in common does not extend to co-parceners. This action cannot therefore be sustained at common law. I agree that our act of assembly(Dig. 166,) extends the action to co-parceners; but the declaration in this case is not founded on the act, but is at common law.
Layton. The deft. should have demurred. He is now too late. The narr sets out a tenancy in common, which by the old intestate laws was the condition of the heirs at law to an intestate. (1 vol.Del. Laws, 85.) The objection, therefore, if such an action is not sustainable at common law appears on the face of the declaration and should have been taken advantage of by demurrer.
The Court. The first objection arises on the proof. The narr lays a tenancy in common; the proof is of a co-parcenary. This is a fatal variance. The plffs. must be nonsuited on this point; it is therefore unnecessary to decide the other questions raised by deft.'s counsel.
 Judgment of nonsuit.